1  Gregory N. Karasik (SBN 115834)
   greg@karasiklawfirm.com
2  **Karasik Law Firm**
   11835 W. Olympic Blvd., Ste. 1275
3  Los Angeles, California 90064
   Tel: (310) 312-6800
4  Fax: (310) 943-2582

5  Alexander I. Dychter (SBN 234526)
   alex@dychterlaw.com
6  **Dychter Law Offices, APC**
   1010 Second Ave., Suite 1835
7  San Diego, California 92101
   Tel: (619) 487-0777
8  Fax: (619) 330-1827

9  Attorneys for Plaintiff
   DANIEL GOUNEV

10

11                    UNITED STATES DISTRICT COURT

12                  SOUTHERN DISTRICT OF CALIFORNIA

13
   DANIEL GOUNEV, individually and        Case No.  '13CV1857 JLS  JMA
14 on behalf of others similarly situated,

15                                         CLASS ACTION
                     Plaintiff,
16                                         **COMPLAINT FOR FLSA**
17         vs.                             **COLLECTIVE ACTION AND RULE**
                                           **23 CLASS ACTION**
18 DELTA MECHANICAL, INC.;
   CALIFORNIA DELTA
19 MECHANICAL, INC. and DOES 1
   through 10,
20
21
                    Defendants.
22

23

24

25

26

27

28

Plaintiff Daniel Gounev ("Plaintiff"), on behalf himself and all others similarly situated, complains and allege as follows:

## INTRODUCTION

1.      This case arises out of the fact that defendants Delta Mechanical, Inc. and California Delta Mechanical, Inc. (jointly and severally referred to as "Delta Mechanical") wrongly treat as "independent contractors," and fail to classify properly as "employees," persons hired by Delta Mechanical to perform residential plumbing installation services ("Installers").  On behalf of Installers employed by Delta Mechanical throughout the United States, Plaintiff asserts a claim for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA").  Plaintiff brings this claim as a collective action pursuant to 29 U.S.C. 216(b).  On behalf of Installers employed by Delta Mechanical in California, who belong to the California Installers Class, Wage Statement Subclass and/or Final Wages Subclass defined in paragraph 12 below, Plaintiff asserts claims under California law for failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to provide rest periods, failure to indemnify for business expenses, unfair competition, failure to provide accurate wage statements, and/or failure to pay all wages upon termination. Plaintiff brings his state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks all damages, restitution, statutory penalties and civil penalties to which he and similarly situated current or former employees of Delta Mechanical are entitled under the FLSA and/or state law.

## JURISDICTION

2.      The Court has original jurisdiction over Plaintiff's claims under the FLSA, a law of the United States, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The state law claims are so related to Plaintiff's claims under the FLSA that they form part of the same case or controversy.

/ / /

## VENUE

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Delta Mechanical does business and therefore resides in this district and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

### A.     Plaintiff

4.     Plaintiff worked as an Installer for Delta Mechanical from approximately September or October 2008 to May 24, 2013.  As an Installer, Plaintiff would deliver and/or install plumbing fixtures (i.e., water heaters, sinks, faucets, toilets, garbage disposals) at the residence of the customer who ordered the fixtures.   He worked throughout the San Diego area and picked up plumbing fixtures supplied by Delta Mechanical at a warehouse facility maintained by Delta Mechanical in San Diego. Plaintiff typically worked six days per week and 8-9 hours per day.  During his employment with Delta Mechanical, Plaintiff was treated as an independent contractor and paid flat amounts set by Delta Mechanical for each type of job (e.g., $100 for a water heater install, $40 for a garbage disposal install, $40 for a faucet install, $25 for a delivery).  Because he was treated as an independent contractor and not treated as an employee, Delta Mechanical did not pay Plaintiff wages for all the hours he worked, Delta Mechanical did not pay Plaintiff overtime wages for any overtime hours worked, Delta Mechanical did not provide Plaintiff with meal periods, Delta Mechanical did not provide Plaintiff with rest periods, Delta Mechanical did not provide Plaintiff with wage statements, Delta Mechanical did not pay Plaintiff all the wages owed to him upon the termination of his employment, and Delta Mechanical did not reimburse Plaintiff for his work related mileage expenses.  Although Delta Mechanical treated Plaintiff as an independent contractor, Plaintiff was actually an employee under federal law, California common law and/or applicable California Wage Orders because Delta Mechanical had the authority to exercise control over the manner and means of performing his work,

1  Delta Mechanical directly or indirectly exercised control over Plaintiff's wages, hours
2  or working conditions, and/or Plaintiff was an employee of Delta Mechanical as a
3  matter of "economic reality."  The facts indicating that Plaintiff was an employee of
4  Delta Mechanical, and not an independent contractor, include the following: Plaintiff
5  performed work that was integral to Delta Mechanical's regular business; Delta
6  Mechanical supplied Plaintiff with the plumbing fixtures to be delivered or installed by
7  Plaintiff; Delta Mechanical reimbursed Plaintiff for additional materials needed by
8  Plaintiff to perform his job (such as extra pipe or solder for welding); Plaintiff's work
9  did not require a high degree of skill; Plaintiff had no opportunity for profit or loss
10 depending on any managerial skills; Plaintiff's livelihood was dependent upon the
11 business of Delta Mechanical; the type of work performed by Plaintiff required a
12 contractor's license, which was not held by Plaintiff but was held by Delta Mechanical;
13 Delta Mechanical provided Plaintiff with the truck needed by Plaintiff to perform his
14 job, which displayed advertising for Delta Mechanical; Delta Mechanical required
15 Plaintiff to carry an identification badge which identified Plaintiff as working for Delta
16 Mechanical; Delta Mechanical required Plaintiff to wear a shirt, provided by Delta
17 Mechanical, which identified Plaintiff as working for Delta Mechanical; Delta
18 Mechanical determined on what days Plaintiff would work; Delta Mechanical
19 determined at what time during the day Plaintiff would work; Delta Mechanical
20 determined the location where Plaintiff would work; Delta Mechanical determined what
21 job assignment Plaintiff would perform; Delta Mechanical required Plaintiff to check
22 the Delta Mechanical website to learn his job assignments; Plaintiff was required to
23 follow the directions of Delta Mechanical dispatchers with respect to new job
24 assignments or changes in job assignments; Delta Mechanical determined how much
25 pay Plaintiff would receiver per job; Delta Mechanical required Plaintiff to pick up
26 plumbing fixtures from Delta Mechanical's warehouse; Delta Mechanical required
27 Plaintiff to remain in his geographic area and be available to work until at least 2:00
28 p.m. each day; Delta Mechanical required Plaintiff to use Delta Mechanical forms for

1 submitting invoices; Delta Mechanical required Plaintiff to use Delta Mechanical forms
2 for obtaining customer approvals and customer satisfaction surveys; Delta Mechanical
3 did not hire Plaintiff for a specific number of jobs or particular length of time but could
4 terminate his services at will; and Delta Mechanical did not allow Plaintiff to perform
5 any kind of plumbing installation or delivery work for any other company.

6 **B.   Defendants**

7     5.     At all relevant times, Delta Mechanical, Inc. has been a corporation
8 organized under the law of the State of Arizona with a principal place of business in
9 Mesa, Arizona. On its website, Delta Mechanical boasts that "Delta Mechanical is the
10 largest plumbing company in the United States of America." Delta Mechanical does
11 business under different names in different states, including the names Arizona Delta
12 Mechanical, California Delta Mechanical, Florida Delta Mechanical, Georgia Delta
13 Mechanical, Las Vegas Delta Mechanical, Michigan Delta Mechanical, New Mexico
14 Delta Mechanical, and South Carolina Delta Mechanical. True and correct copies of
15 pages from Delta Mechanical's website describing the nature and scope of Delta
16 Mechanical's services are attached hereto as Exhibit 1. At all relevant times, California
17 Delta Mechanical, Inc. has been a corporation organized under the law of the State of
18 California with a principal place of business in Mesa, Arizona. Delta Mechanical is or
19 was the employer of Plaintiff and other similarly situated Installers at the time Delta
20 Mechanical breached its legal obligations to them as described herein.

21     6.     Plaintiff is ignorant of the true name, capacity, relationship and extent of
22 participation in the conduct herein alleged, of the Defendants sued herein as DOES 1
23 through 10, but is informed and believes and thereon allege that said Defendants are
24 legally responsible for the wrongful conduct alleged herein and therefore sue these
25 Defendants by such fictitious names. Plaintiff will amend this complaint to allege the
26 true names and capacities of the DOE Defendants when ascertained.

27     7.     Plaintiff is informed and believes and thereon alleges that each Defendant
28 acted in all respects pertinent to this action as the agent of the other Defendants, carried

1   out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts

2   of each Defendant are legally attributable to the other Defendants.

3   ## FLSA COLLECTIVE ACTION ALLEGATIONS

4   8.     Plaintiff's claim for failure to pay overtime wages in violation of the FLSA

5   is brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf himself and

6   other Installers.  For the purposes of this claim for relief, the term Installers is defined as

7   all persons who, at any time since the date three years before the filing of the complaint

8   in this action, were employed by Delta Mechanical anywhere in the United States as a

9   residential plumbing installer who would travel to the residence of a customer to deliver

10  and/or install a plumbing fixture.

11  9.     At all relevant times, Plaintiff and other Installers have been similarly

12  situated in that they have had the same or substantially similar job duties and the same

13  or substantially similar terms and conditions of employment.  At all relevant times,

14  Plaintiff and other Installers have been subject to Delta Mechanical's common practices,

15  policies, programs, procedures, protocols and/or plans which have resulted in the willful

16  failure by Delta Mechanical to properly classify Installers as "employees" instead of

17  "independent contractors" and its willful failure to pay Installers all the overtime wages

18  owed to them for all the overtime hours they worked in violation of the FLSA.

19  10.    Although the names and addresses of other Installers are not yet known to

20  Plaintiff, they are readily ascertainable from the records maintained by Delta

21  Mechanical.  Notice of this action and the right to "opt in" as a plaintiff for the purpose

22  of Plaintiff's collective action can be given to other Installers via first class mail at their

23  last known address known with Defendant.

24  11.    Attached hereto as Exhibit 2 is the signed consent of Plaintiff to be a party

25  to the collective action brought by him under the FLSA.  Plaintiff is informed and

26  believes and thereon alleges that, upon being given notice of their rights, many other

27  Installers will likewise consent to join as plaintiffs in the collective action brought by

28  Plaintiff against Delta Mechanical for violation of the FLSA.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings his state law claims on behalf of himself and all other similarly situated persons (collectively the "Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The members of the Class belong to the California On Site Technicians Class, the Wage Statement Subclass and/or the Final Wages Subclass, which are defined as follows:

**California Installers Class**:  All persons who, at any time since the date four years before the filing of the complaint in this action, were employed by Delta Mechanical anywhere in California as a residential plumbing installer who would travel to the residence of a customer to deliver and/or install a plumbing fixture.

**Wage Statement Subclass**:  All persons who, at any time since the date one year before the filing of the complaint in this action, were employed by Delta Mechanical anywhere in California as a residential plumbing installer who would travel to the residence of a customer to deliver and/or install a plumbing fixture.

**Final Wages Subclass**:  All persons who, at any time since the date three years before the filing of the complaint in this action, were employed by Delta Mechanical anywhere in California as a residential plumbing installer who would travel to the residence of a customer to deliver and/or install a plumbing fixture.

13.     Plaintiff's state claw claims are brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a.     Numerosity.  The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 50 members in the California Installers Class, not less than 50 members in the Wage Statement Subclass, and not less than 50 members in the Final

1  Wages Subclass.

2      b.   <u>Commonality</u>.  There are questions of law or fact common to class
3  members.  These common questions include, bur are not limited to:

4      1)   whether class members were employees or independent contractors; and
5      2)   whether Delta Mechanical's failure to classify class members properly as
6          employees was knowing, intentional or "willful."

7      c.   <u>Typicality</u>.  Plaintiff is a member of the Class, and his claims are typical of
8  the claims of the other Class members Plaintiff seeks to represent.  Plaintiff suffered the
9  same kinds of injuries suffered by other Class members and seeks the same kind of
10  relief sought by other Class members.

11      d.   <u>Adequate Representation</u>.  Plaintiff will adequately and fairly protect the
12  interests of the members of the Class.  Plaintiff has no interests adverse to the interests
13  of absent Class members.  Plaintiff is represented by legal counsel with substantial class
14  action experience in civil litigation and employment law.

15      14.   This case is brought and may be maintained as a class action under Rule
16  23(b)(3) of the Federal Rules of Civil Procedure.  Questions of law or fact common to
17  class members predominate over any questions affecting only individual members, and
18  a class action is superior to other available methods for the fair and efficient
19  adjudication of the controversy.  Class action treatment will allow a large number of
20  similarly situated employees to prosecute their common claims in a single forum,
21  simultaneously, efficiently, and without the unnecessary duplication of effort and
22  expense that numerous individual actions would require.  Further, the monetary amounts
23  due to many individual class members are likely to be relatively small, and the burden
24  and expense of individual litigation would make it difficult or impossible for individual
25  class members to seek and obtain relief.  A class action will serve an important public
26  interest by permitting employees harmed by Defendants' unlawful practices to
27  effectively pursue recovery of the sums owed to them.

28  / / /

# FIRST CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FLSA
### (By Plaintiff and Installers against Defendants)

15.     Plaintiff incorporates paragraphs 1 through 11 of this complaint as if fully alleged herein.

16.     At all relevant times, Delta Mechanical has been and/or continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA, and Plaintiff and other Installers were "employees" within the meaning of the FLSA.

17.     Pursuant to Section 7 of the FLSA, 29. U.S.C. § 207, Plaintiff and other Installers were entitled to receive overtimes wages at the rate of 1 and ½ times their regular rate of pay for all hours worked in excess of forty hours worked during a workweek.

18.     In violation of the FLSA, Delta Mechanical failed to pay Plaintiff and other Installers all the overtime wages owed to them for all the overtime hours they worked every workweek.  At all relevant times within the applicable limitations period, Delta Mechanical treated Installers as independent contractors and only paid them flat rates per job regardless of how many hours they actually worked.

19.     As a result of Delta Mechanical's unlawful conduct, Plaintiff and other Installers have suffered damages in an amount, subject to proof, to the extent they were not paid all the overtime wages owed to them for the overtime hours they worked.

20.     Pursuant to 29 U.S.C. § 216(b), Plaintiff and other Installers are entitled to recover the full amount of unpaid overtime wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PAY MINIMUM WAGES
### (By Plaintiff and the California Installers Class against Defendants)

21.     Plaintiff incorporates paragraphs 1 through 7 and 12 through 14 of this complaint as if fully alleged herein.

22. At all relevant times, Plaintiff and the other members of the California Installers Class were employees of Delta Mechanical covered by Labor Code Section 1197.

23. Pursuant to Labor Code Section 1197, Plaintiff and the other members of the California Installers Class were entitled to minimum wages for every hour worked.

24. In violation of Labor Code Section 1197, Delta Mechanical failed to pay Plaintiff and other members of the California Installers Class all the minimum wages owed to them. During the limitations period applicable to this cause of action, Delta Mechanical treated Installers as independent contractors and only paid them flat rates per job regardless of how many hours they actually worked.

25. As a result of Delta Mechanical's unlawful conduct, Plaintiff and other members of the California Installers Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

26. Pursuant to Labor Code Section 1194, Plaintiff and other members of the California Installers Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, Plaintiff and other members of the California Installers Class are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and the California Installers Class against Defendants)

27. Plaintiff incorporates paragraphs 1 through 7, 12 through 14, and 21 through 26 of this complaint as if fully alleged herein.

28. At all relevant times, Plaintiff and the other members of the California Installers Class were employees of Delta Mechanical covered by Labor Code Section 510.

/ / /

29.     Pursuant to Labor Code Section 510, Plaintiff and the other members of the California Installers Class were entitled to overtime wages payable at the rate of at least one and one half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek, and at the rate of at least two times their regular rate of pay for all work in excess of twelve hours in one workday.

30.     In violation of Labor Code Section 510, Delta Mechanical failed to pay Plaintiff and other members of the California Installers Class all amounts of overtime wages owed to them. At all relevant times within the applicable limitations period, Delta Mechanical treated Installers as independent contractors and only paid them flat rates per job regardless of how many hours they actually worked.

31.     As a result of Delta Mechanical's unlawful conduct, Plaintiff and other members of the California Installers Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all overtime wages earned.

32.     Pursuant to Labor Code Section 1194, Plaintiff and other members of the California On Site Technicians Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE MEAL PERIODS

### (By Plaintiff and the California Installers against Defendants)

33.     Plaintiff incorporates paragraphs 1 through 7 and 12 through 14 of this complaint as if fully alleged herein.

34.     At all relevant times, Plaintiff and the other members of the California Installers Class were employees of Delta Mechanical covered by Labor Code Section 512, Labor Code Section 226.7 and applicable Wage Orders.

35.     Pursuant to Labor Code Section 512, Labor Code Section 226.7 and/or applicable Wage Orders, Plaintiff and the other members of the California Installers Class were entitled to a duty free meal period on days they worked more than five hours and were entitled to premium wages equal to one hour of additional pay for every day a

required meal period was not provided.

36.    In violation of Labor Code Section 512, Labor Code Section 226.7 and/or applicable Wage Orders, Delta Mechanical failed to provide Plaintiff and other members of the California Installers Class with meal periods and failed to pay Plaintiff and other members of the California Installers Class premium wages owed for not providing meal periods.  At all relevant times within the applicable limitations period, Delta Mechanical treated Installers as independent contractors who were not entitled to duty free meal periods.

37.    As a result of Delta Mechanical's unlawful conduct, Plaintiff and other members of the California Installers Class have suffered damages in an amount, subject to proof, to the extent they were not paid premium wages for unprovided meal periods.

38.    Plaintiff and members of the California Installers Class are entitled to recover reasonable attorney's fees in connection with their meal period claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FIFTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE REST PERIODS

### (By Plaintiff and the California Installers against Defendants)

39.    Plaintiff incorporates paragraphs 1 through 7 and 12 through 14 of this complaint as if fully alleged herein.

40.    At all relevant times, Plaintiff and the other members of the California Installers Class were employees of Delta Mechanical covered by Labor Code Section 226.7 and applicable Wage Orders.

41.    Pursuant to Labor Code Section 226.7 and applicable Wage Orders, Plaintiff and the other members of the California Installers Class were entitled to rest periods of 10 minutes for every four hour period of work and premium wages equal to one hour of additional pay for every day a rest period was not provided.

/ / /

42.     In violation of Labor Code Section 226.7 and/or applicable Wage Orders, Delta Mechanical failed to provide Plaintiff and other members of the California Installers Class with rest periods and failed to pay Plaintiff and other members of the California Installers Class premium wages for unprovided rest periods.  At all relevant times within the applicable limitations period, Delta Mechanical treated Installers as independent contractors who were not entitled to rest periods.

43.     As a result of Delta Mechanical's unlawful conduct, Plaintiff and other members of the California Installers Class have suffered damages in an amount, subject to proof, to the extent they were not paid premium wages for unprovided rest periods.

44.     Plaintiff and members of the California Installers Class are entitled to recover reasonable attorney's fees in connection with their rest period claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## SIXTH CLAIM FOR RELIEF

### FAILURE TO INDEMNIFY FOR BUSINESS EXPENSES

**(By Plaintiff and the California Installers Class against Defendants)**

45.     Plaintiff incorporates paragraphs 1 through 7 and 12 through 14 of this complaint as if fully alleged herein.

46.     At all relevant times, Plaintiff and other members of the California Installers Class were employees of Delta Mechanical covered by Labor Code Section 2802.

47.     Pursuant to Labor Code Section 2802, Plaintiff and other members of the California Installers Class were entitled to indemnification for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or obedience to the instructions of their employer, including all their work related mileage expenses for the gasoline needed to drive the truck Delta Mechanical required them to use for performing their jobs.

/ / /

48.     In violation of Labor Code Section 2802, Delta Mechanical failed to indemnify Plaintiff and other members of the California Installers Class for all their business expenses.  At all relevant times within the limitations period applicable to this cause of action, Delta Mechanical did not reimburse Installers for any of their work related mileage expenses for the gasoline needed to drive the truck Delta Mechanical required them to use for performing their jobs.

49.     As a result of Delta Mechanical's unlawful conduct, Plaintiff and other members of the California Installers Class have suffered damages in an amount, subject to proof, to the extent Delta Mechanical failed to indemnify them for all their business related expenses.

50.     Pursuant to Labor Code Section 2802, Plaintiff and other members of the California Installers Class are entitled to recover the amounts necessary to indemnify them for all of their business expenses, reasonable attorney's fees and costs of suit.

## SEVENTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

### (By Plaintiff and the California Installers Class Against Defendants)

51.     Plaintiff incorporates paragraphs 1 through 7, 12 through 14, and 21 through 50 of this complaint as if fully alleged herein.

52.     The unlawful conduct of Delta Mechanical alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

53.     As a result of Defendant's unfair competition as alleged herein, Plaintiff and other members of the California Installers Class have suffered injury in fact and lost money or property.  Plaintiff and members of the California Installers Class have been deprived of their rights to payment of all minimum wages owed, payment of all overtime wages owed, provision of meal periods, provision of rest periods, payment of premium wages for unprovided meal periods and unprovided rest periods, and/or indemnification for all business expenses; and Plaintiff and members of the California Installers Class have not been paid all the monies owed to them under the Labor Code.

54.     Pursuant to Business and Professions Code Section 17203, Plaintiff and other members of the California Installers Class are entitled to restitution of all wages or other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest, which Delta Mechanical failed to pay to them.  Restitution of the money owed to Plaintiff and other members of the California Installers Class that Delta Mechanical wrongfully withheld and retained by means of engaging in unlawful business practices in violation of the Labor Code is necessary to prevent Delta Mechanical from becoming unjustly enriched by its failure to comply with the Labor Code.

55.     Plaintiff and members of the California Installers Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## EIGHTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE WAGE STATEMENTS

### (By Plaintiff and the Wage Statement Subclass against Defendants)

56.     Plaintiff incorporates paragraphs 1 through 7, 12 through 14, and 21 through 44 of this complaint as if fully alleged herein.

57.     At all relevant times, Plaintiff and the other members of the Wage Statement Subclass were employees of Delta Mechanical covered by Labor Code Section 226.

58.     Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Wage Statement Subclass were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement showing, *inter alia*, the total hours worked, all applicable hourly rates of pay, and the corresponding number of hours worked at each hourly rate.

59.     In violation of Labor Code Section 226(a), Delta Mechanical failed to provide Plaintiff and other members of the Wage Statement Subclass any itemized wage

statements.  At all relevant times within the applicable limitations period, Delta Mechanical treated Installers as independent contractors who were not entitled to receive itemized wage statements.

60.    Delta Mechanical's failure to provide Plaintiff and other members of the Wage Statement Subclass with itemized wage statements was knowing and intentional. Delta Mechanical had the ability to provide Plaintiff and other members of the Wage Statement Subclass with itemized wage statements but intentionally failed to provide Installers with any wage statements.

61.    As a result of Delta Mechanical's conduct, Plaintiff and other members of the Wage Statement Subclass have suffered injury.  The lack of wage statements renders Installers unable to promptly and easily determine the total hours worked, all applicable hourly rates of pay, and the corresponding number of hours worked at each hourly rate.

62.    Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Wage Statement Subclass are entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in every subsequent pay period, not to an exceed an aggregate civil penalty of four thousand dollars per employee.

63.    Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff and other members of the Wage Statement Subclass are entitled to recover the full amount of civil penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

## NINTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES UPON TERMINATION

**(By Plaintiff and the Final Wages Subclass against Defendants)**

64.    Plaintiff incorporates paragraphs 1 through 7, 12 through 14, and 21 through 44 of this complaint as if fully alleged herein.

65.    At all relevant times, Plaintiff and the other members of the Final Wages Subclass were employees of Delta Mechanical covered by Labor Code Sections 201 or

1  202.

2  66.   Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members
3  of the Final Wages Subclass were entitled upon termination to timely payment of all
4  wages earned and unpaid prior to termination.  Discharged employees were entitled to
5  payment of all wages earned and unpaid prior to discharge immediately upon
6  termination.  Employees who resigned were entitled to payment of all wages earned and
7  unpaid prior to resignation within 72 hours after giving notice of resignation or, if they
8  gave 72 hours previous notice, they were entitled to payment of all wages earned and
9  unpaid prior to resignation at the time of resignation.

10  67.   In violation of Labor Code Sections 201 or 202, Delta Mechanical failed to
11  pay Plaintiff and other members of the Final Wages Subclass all wages earned and
12  unpaid prior to termination.  At all relevant times within the applicable limitations
13  period, Delta Mechanical treated Installers as independent contractors and only paid
14  them flat rates per job regardless of how many hours they actually worked, and Delta
15  Mechanical, and Delta Mechanical did not provide Installers with meal periods or rest
16  periods or pay Installers premium wages for unprovided meal periods or rest periods.

17  68.   Delta Mechanical's failure to pay Plaintiff and members of the Final
18  Wages Subclass all wages earned prior to termination in accordance with Labor Code
19  Sections 201 or 202 was willful.  Delta Mechanical had the ability to pay all wages
20  earned by members of the Final Wages Subclass prior to termination in accordance with
21  Labor Code Sections 201 or 202, but intentionally adopted policies or practices
22  incompatible with the requirements of Labor Code Sections 201 or 202.

23  69.   Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members
24  of the Final Wages Subclass are entitled to all wages earned prior to termination that
25  Delta Mechanical failed to pay them.

26  70.   Pursuant to Labor Code Section 203, Plaintiff and other members of the
27  Final Wages Subclass are entitled to penalty wages, from the day their earned and
28  unpaid wages were due upon termination until paid, up to a maximum of 30 days.

71.     As a result of Delta Mechanical's unlawful conduct, Plaintiff and other members of the Final Wages Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

72.     As a result of Delta Mechanical's unlawful conduct, Plaintiff and other members of the Final Wages Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed under Labor Code Section 203.

73.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Final Wages Subclass are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code Section 203, reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the Final Wages Subclass are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.      An order certifying that Plaintiff may pursue their FLSA claims against Defendants as a collective action on behalf of other Installers under 29 U.S.C. § 216(b).

B.      An order certifying that Plaintiff may pursue his state law claims against Defendants as a class action on behalf of the California Installers Class, Wage Statement Subclass and Final Wages Subclass under Rule 23 of the Federal Rules of Civil Procedure.

C.      An order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as Class counsel.

D.      Damages for unpaid overtime wages under 29 U.S.C. § 216(b).

E.      Liquidated damages under 29 U.S.C. § 216(b).

F.      Damages for unpaid minimum wages under Labor Code Section 1194.

G.   Liquidated damages under Labor Code Section 1194.2.

H.   Damages for unpaid overtime wages under Labor Code Section 1194.

I.   Damages for unpaid premium wages under Labor Code Section 226.7.

J.   Damages for unreimbursed business expenses under Labor Code Section 2802.

K    Restitution under Business and Professions Code Section 17203.

L.   Civil penalties under Labor Code Section 226(e).

M.   Damages for unpaid wages under Labor Code Sections 201 or 202.

N.   Damages for unpaid penalty wages under Labor Code Section 203.

O.   Pre-judgment interest.

P.   Costs.

Q.   Reasonable attorney's fees.

R.   Such other and further relief as the Court deems just and proper.

Dated:  August 9, 2013          KARASIK LAW FIRM
                                DYCHTER LAW OFFICES, APC

                        By:     s/ Gregory N. Karasik
                                Gregory N. Karasik
                                Attorneys for Plaintiff
                                Email: greg@karasiklawfirm.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and all others similarly situated on all claims so triable.

Dated:  August 9, 2013          KARASIK LAW FIRM
                                DYCHTER LAW OFFICES, APC

                        By:     s/ Gregory N. Karasik
                                Gregory N. Karasik
                                Attorneys for Plaintiff
                                Email: greg@karasiklawfirm.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DANIEL GOUNEV, individually and on behalf of others similarly situated

**DEFENDANTS**

DELTA MECHANICAL, Inc.; CALIFORNIA DELTA MECHANICAL, INC.; and DOES 1 through 10

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregory N. Karasik, Karasik Law Firm
11835 W. Olympic Boulevard, Suite 1275, Los Angeles, CA 90064
Tel. 310 312-6800

Attorneys *(If Known)*

**'13CV1857 JLS  JMA**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / Liability | | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☒ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | Product Liability / ☐ 371 Truth in Lending | | ☐ 720 Labor/Management Relations / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 380 Other Personal | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury / Property Damage | | ☐ 740 Railway Labor Act / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage | | ☐ 751 Family and Medical Leave Act | ☐ 895 Freedom of Information Act |
| | Medical Malpractice / Product Liability | | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| **REAL PROPERTY** / **CIVIL RIGHTS** | | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act / **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | | ☐ 462 Naturalization Application | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration Actions | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. Section 216

Brief description of cause:
Collective action for unpaid overtime wages under FLSA and state law class action claims.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
Aug 9 2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE