**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DANIEL GOUNEV, individually and on behalf of others similarly situated,

Plaintiff,

vs.

DELTA MECHANICAL, INC.; CALIFORNIA DELTA MECHANICAL, INC.; and DOES 1 through 10,

Defendants.

CASE No. 13-CV-1857 JLS (JMA)

**ORDER (1) GRANTING IN PART CLASS CERTIFICATION PURSUANT TO FRCP 23 AND (2) GRANTING CONDITIONAL COLLECTIVE ACTIVE CERTIFICATION PURSUANT TO THE FLSA**

(ECF No. 29)

Presently before the Court is Plaintiff Daniel Gounev's Motion for Conditional Collective Active Certification. (Mot. Certification 6, ECF No. 29-1.) Plaintiff asks the Court to (1) certify a class pursuant to Federal Rule of Civil Procedure 23 and (2) conditionally certify a collective action pursuant to the Fair Labor Standards Act ("FLSA"). Defendants Delta Mechanical, Inc. ("DMI") and California Delta Mechanical, Inc. ("CDMI") (collectively, "Defendants") filed an opposition on May 1, 2015. (Opp'n, ECF No. 37.) Plaintiff replied on May 27, 2015. (Reply, ECF No. 38.)

The Court held a hearing on the matter on June 19, 2015 and thereafter took the matter under submission. After considering the Parties' arguments and the law, the Court **DENIES** class certification **WITHOUT PREJUDICE** for Plaintiff's meal and rest break claims, **GRANTS** Plaintiff's motion to certify the class action with respect to the remainder of Plaintiff's state law claims, and **GRANTS** Plaintiff's motion for FLSA conditional collective certification.

**BACKGROUND**

CDMI provides delivery and installation services for customers who purchase plumbing fixtures—such as water heaters, sinks, faucets, toilets, or garbage disposals—from third-party retailers in California. (Opp'n 9, ECF No. 37.) CDMI employs Installers who pick up the fixtures from the third party retailer or CDMI warehouse and then travel to the customer's residence to deliver and/or install the fixtures. (Complaint 3, ECF No. 1.)

Gounev worked as an Installer for CDMI from the fall of 2008 to May 2013. (*Id.*) While Gounev was employed with CDMI, he was designated as an independent contractor and not paid an hourly rate of pay or overtime. (*Id.* at 9.) Rather, CDMI paid Gounev and other Installers a flat fee for each type of job, regardless of the actual amount of time spent completing the job. (*Id.*) When Installers were paid, they were given an Installer Commission Report that showed the jobs performed rather than the number of hours paid. (*Id.*) CDMI did not have a written policy as to meal or rest breaks for the Installers. (Kitchukova Dep., Part 2, 16–17, ECF No. 30-4.) When a person wanted to work for CDMI, he or she was required to submit an Application for Subcontractors prepared by the DMI corporate office. (Kitchukova Dep., Part 3, 11–12, ECF No. 30-5.)

DMI is a separate entity located in Arizona that handles administrative tasks such as customer calls and Installer assignments. (Opp'n 9, ECF No. 37.) The DMI corporate office prepares arrival schedules for the Installers, which include the date of the job, the address of the assignment, and the arrival window. (Kitchukova Dep., Part

2, 18–24, 28, ECF No. 30-4.)  DMI uses scheduling software to track the Installers' schedules.  (*Id.* at 25–27.)  DMI instructs the Installers which fixtures should be installed and its dispatchers sometimes give Installers instructions for problems they encounter on the job. (*Id.* at 29, 35.)

This dispute arises out of Defendants' allegedly improper classification of Plaintiff and other Installers as independent contractors.  Plaintiff contends that he and other Installers should have been classified as employees and that they were therefore denied certain benefits.  Plaintiff filed a Complaint on August 9, 2013, alleging that Defendants:

(1)    failed to pay overtime wages in violation of the FLSA;

(2)    failed to pay minimum wages in violation of the Labor Code § 1197;

(3)    failed to pay overtime wages in violation of Labor Code § 510;

(4)    failed to provide meal periods in violation of Labor Code §§ 512, 226.7, and/or applicable Wage Orders;

(5)    failed to provide rest periods in violation of Labor Code § 226.7 and/or applicable Wage Orders;

(6)    failed to indemnify for business expenses in violation of Labor Code § 2802;

(7)    injured Plaintiffs by way of Defendant's unfair competition within the meaning of Business and Professions Code § 17200;

(8)    failed to provide wage statements in violation of Labor Code § 226(a); and

(9)    failed to pay all wages upon termination in violation of Labor Code § 201 or 202.

(Complaint, ECF No. 1.)  Plaintiff now asks the Court to (1) certify a class pursuant to Federal Rule of Civil Procedure 23 and (2) conditionally certify a collective action pursuant to the FLSA .

## DISCUSSION

### 1.    Rule 23 Class Certification

Plaintiff asks the Court to grant his motion for class certification on the grounds that the proposed class and subclasses meet the requirements of Federal Rule of Civil

Procedure 23(a) and 23(b)(3).  He asks the Court to (1) certify the class action, (2) appoint Daniel Gounev as class representative, and (3) appoint Gregory N. Karasik of Karasik Law Firm and Alexander I. Dychter of Dychter Law Offices, APC as class counsel.

## A.    *Legal Standard*

Motions for class certification proceed under Rule 23(a) of the Federal Rules of Civil Procedure.  Rule 23(a) provides four prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequate representation").  Fed. R. Civ. P. 23(a).

A proposed class must also satisfy one of the subdivisions of Rule 23(b).  Here, Plaintiff seeks to proceed under Rule 23(b)(3), which requires that "the court find[] that the [common questions] predominate over any questions affecting only individual members ["predominance"], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy ["superiority"]."  The relevant factors in this inquiry include the class members' interest in individually controlling the litigation, other litigation already commenced, the desirability (or not) of consolidating the litigation in this forum, and manageability.  *Id.* 23(b)(3)(A)–(D).

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (internal quotations omitted).  "Rule 23 does not set forth a mere pleading standard."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."  *Id.*  The

court is "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992). However, a weighing of competing evidence is inappropriate at this stage of the litigation. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 605 (C.D. Cal. 2005).

### B.     Analysis

Plaintiff asks the Court to certify the following class and subclasses with respect to his state law claims for: minimum wages, overtime wages, meal and rest periods, business expense reimbursement, unfair competition, wage statements, and payment for all wages upon termination:

> <u>California Installers Class</u>: All persons who, at any time since August 9, 2009, worked for Delta Mechanical anywhere in California as a residential plumbing installer who would travel to the residence of a customer to deliver and/or install a plumbing fixture, and were treated as an independent contractor.

> <u>Wage Statement Subclass</u>: All persons who, at any time since August 9, 2012, worked for Delta Mechanical anywhere in California as a residential plumbing installer who would travel to the residence of a customer to deliver and/or install a plumbing fixture, and were treated as an independent contractor.

> <u>Final Wages Subclass</u>: All persons who, at any time since August 9, 2010, worked for Delta Mechanical anywhere in California as a residential plumbing installer who would travel to the residence of a customer to deliver and/or install a plumbing fixture, and were treated as an independent contractor.

(Not. Mot. Certification, ECF No. 29.)

As an initial matter, Defendant does not dispute that the 85 persons in the California Installers Class, the 41 persons in the Wage Statement Subclass, and the 74 persons in the Final Wages Subclass satisfy the numerosity requirement. Defendant's challenges pertain to (1) whether there are questions of law or fact common to the

class; (2) whether Plaintiff's claims are typical of the class claims; (3) whether Plaintiff is an adequate class representative; (4) whether the common issues predominate over the individual issues of liability and damages in this action; and (5) whether a class action would be superior. The Court addresses each issue in turn.

### (i) Rule 23(a) Requirements

### (a) Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, "[a]ll questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). However, the common contention "must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).

Plaintiff asserts that the commonality requirement is satisfied because all class members make one common central contention: that they were incorrectly classified as independent contractors rather than as employees. (Mot. Certification 16, ECF No. 29-1.) Plaintiff states that the Court will be able to determine, on a class-wide basis, whether Defendant misclassified Installers as independent contractors. (*Id.*) Plaintiff contends that differences in the amount of damages or how class members performed their jobs does not diminish the commonality of this central legal issue. (*Id.*) In contrast, Defendants argue that while Plaintiff may have identified a common question regarding misclassification, there will not be a common answer to the question. (Opp'n 24, ECF No. 37.) This is because there exists significant individual variation between putative class members regarding tasks performed, time spent on tasks, and negotiation of rates. (*Id.* at 26.) Because these distinctions show there is no uniform right of control over class members, Defendants argue that certification is inappropriate. (*Id.*)

This action raises questions common to the class, e.g., whether the putative class members were misclassified as independent contractors. *See Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623, 629 (N.D. Cal. 2005) (certifying class of loan officers treated as "exempt" under state and federal laws, with commonality requirement satisfied because all class members were so categorized). CDMI had a uniform policy of categorizing Installers as independent contractors. While individualized inquires may be necessary to determine damages, the Court finds that this requirement is fulfilled.

(b) Typicality

The Ninth Circuit has explained, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Plaintiff contends that his claims are reasonably coextensive with those of other class members, for he is proceeding under the same legal theory: all California Installers were injured because Defendant misclassified them as independent contractors. (Mot. Certification 17, ECF No. 29-1.) Each of the class members alleges they were deprived of wages and other benefits which should have been afforded to them as employees. (*Id.*)

Defendants argue that Plaintiff's claims are atypical for three distinct reasons. First, Plaintiff had the opportunity to take meal and rest breaks, when the Complaint alleges that CDMI failed to provide Installers with meal and rest breaks. (Opp'n 18–19, ECF No. 37.) Because Plaintiff was afforded and took his breaks, Plaintiff's claims are subject to unique defenses and do not align with the class claims. (*Id.* at 19.) Second, Defendants contend that Plaintiff rarely worked overtime hours, when the Complaint alleges that the putative class repeatedly worked overtime hours. (*Id.*) Defendants point to Gounev's deposition testimony which showed that he sometimes worked less than eight hours per day, rejected appointments two or three times per year,

and had significantly less travel time than other Installers. (*Id.* citing Gounev Depo., Vol. 1, ECF No. 37-5 at 5, 20–24, 27, 34–37, 49–52; Opp'n 20, ECF No. 37.) Third, Defendants argue that Gounev took an extensive amount of vacation time during the relevant class period (June through October 2009, June through October 2010, and June through August 2012). (*Id.*) Because this shows that CDMI did not have "control" over Plaintiff, Defendant argues that this contradicts the allegations of control in the Complaint. (*Id.*)

The Court finds that Plaintiff's claims are typical of the class. Plaintiff and class members allege the same principal injuries based on Defendants' classification policy that was not unique to any individual employee. Any differences between Gounev's claim and those of the rest of the class are minor factual variations that arose from the individual details of each class member's employment. The fact that Plaintiff admitted in his deposition that he was able to take meal and rest breaks at times does not make his claim atypical of the class allegations. In addition, Defendants' characterization of Plaintiff's testimony that he "rarely worked overtime hours" is misguided. It is irrelevant that some weeks Plaintiff worked overtime and some weeks he did not. Lastly, that Plaintiff took vacations does not support the proposition that CDMI had no control over Plaintiff. Accordingly, the Court finds that Gounev's claims are reasonably co-extensive with those of other class members.

(c)     Adequate Representation

Federal Rule of Civil Procedure 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "To determine whether the representation meets this standard, [courts] ask two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Plaintiff argues that he has the same interests as the rest of the potential class members and that he is willing to actively participate in this case. (Mot. Certification

18, ECF No. 29-1.) Plaintiff also contends that there are no conflicts between Plaintiff's counsel and class members and that counsel has substantial relevant experience. (*Id.*; Dychter Decl., ECF No. 29-2; Gounev Decl., ECF No. 29-3; Karasik Decl., ECF No. 30.)

Defendants do not dispute the adequacy of class counsel. However, Defendants argue that Gounev is not an adequate class representative for several reasons. First, during the relevant class period, Plaintiff was on vacation for nearly a full year. (Opp'n 21, ECF No. 37.) Defendants argue that because of Plaintiff's extended absences, there is a conflict in his ability to represent the interests of the class because Plaintiff will focus on 2011, a year where he did not take extensive vacations, because he will be able to recover the most from that year. (*Id.*) Accordingly, Defendants argue, Plaintiff will disregard 2009, 2012, and 2013. (*Id.*) Second, Plaintiff took meal and rest breaks, but Plaintiff seeks to represent a putative class that alleges they were not afforded meal and rest breaks. (*Id.*) Defendants argue that Plaintiff cannot vigorously prosecute the class meal and rest claims since he was afforded those benefits and will emphasize other claims. (*Id.*) Third, Plaintiff worked less hours than he claimed, had very few - if any - overtime hours, created his own schedule, and performed different work from the putative class. (*Id.* at 21–22.) Defendants argue that Plaintiff will focus on the amount of time spent on tasks rather than commute time, overtime, and meal and rest breaks. Fourth, because Plaintiff wanted to be an independent contractor, he cannot represent a group of allegedly misclassified independent contractors. (*Id.* at 22.) Defendants argue that Plaintiff was satisfied as an independent contractor because he returned to work for the company after a few years of not working, he never complained about the classification, he made tax deductions based on his status, and he quit when Defendants uniformly reclassified Installers as employees. (*Id.* at 22–23.) Accordingly, Defendants argue that Plaintiff's interests do not align with those of the class. (*Id.*)

The Court does not find any of these arguments persuasive. There is simply no evidence that Plaintiff would disregard certain years when he took vacations. Plaintiff would still want to be compensated for the remainder of the year when he was working. Next, even though Plaintiff admitted to occasionally taking meal or rest breaks, that does not mean he was afforded all that were entitled to him. Also, it is irrelevant that during certain weeks Plaintiff did not work overtime. There is no evidence that he created his own schedule because he was given assignments from the dispatchers. It is irrelevant that he did not install certain types of fixtures because the nature of the work he and the putative class members did was identical. Lastly, whether Gounev wanted to be an independent contractor has no bearing on his adequacy as class representative. If he was classified incorrectly and deprived of certain benefits, he may be entitled to redress and he is clearly interested in pursuing his claim as shown by this lawsuit.

Lastly, Defendants point to Plaintiff's credibility issues, noting that Gounev's deposition testimony contradicted his declaration in two material respects. (*Id.* at 23.) First, Plaintiff claimed in his declaration that he typically worked six days per week for eight to nine hours per day, however Defendants argue that his deposition testimony shows he in fact worked less than eight hours per day regularly and worked less than thirty hours per week in some cases. (*Id.* at 23–24.) Second, Defendants contend that Plaintiff's declaration that CDMI did not provide him with meal and rest breaks is contradicted by his deposition testimony where he admitted to taking breaks. (*Id.* at 24.) Defendants also point out that Plaintiff stated that he was the only person who worked at Pearl Lounge—a separate restaurant he owned for a period of time—when others testified that they recalled him having two or three helpers. (*Id.*) Defendants also state that Plaintiff testified that he could not reject assignments, but that others confirmed he regularly rejected assignments. (*Id.*) Accordingly, Defendants argue that these contradictions severely undermine Plaintiff's ability to serve as a class representative. (*Id.*)

"A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011). However, while "honesty, conscientiousness, and other affirmative personal qualities bear on whether a named individual is an adequate class representative, unsavory character or credibility problems will not justify a finding of inadequacy unless related to the issues in the litigation." *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS (NLS) 2011 WL 5025152, *11 (S.D. Cal. Oct. 21, 2011) (internal quotations and citations omitted). Here, the Court does not find any credibility issues with respect to discrepancies between Gounev's deposition testimony and his declaration. Further, it is not relevant that he may have employed helpers at the Pearl Lounge because, like in the *Tourgeman* case, the credibility problems in that respect are unrelated to issues in this litigation.

Accordingly, the Court finds that Gounev and counsel would fairly and adequately represent the putative class.

*(ii)      Rule 23(b)(3) Requirements*

Rule 23(b)(3) states that a class may be maintained if the requirements of Rule 23(a) are fulfilled and if "the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

(a)      Predominance of Common Issues

For plaintiff, this case is a class action because of the common issue of misclassification, i.e., what takes precedence here is whether Defendants should have classified Installers as employees rather than as independent contractors. However, Defendants argue that individual variations with respect to hours serviced, amounts paid, scheduling, rejection of assignments, tasks performed, meal and rest breaks, and travel time are directly relevant to Defendants' control and any resulting damages.

First, Defendants argue that individual issues predominate with respect to liability. For instance, Defendants argue that CDMI did not control whether Installers operated their own businesses. (Opp'n 27, ECF No. 37.) In addition, some Installers provided services exclusively to CDMI, while others provided services to other clients, and some operated completely unrelated businesses. (*Id.*) Next, CDMI had varying levels of control over the details of the work, the rate of pay, and the Installer's schedules. (*Id.*) Some Installers expressed a preference for certain assignment times, some tailored their schedules, and some rejected assignments. (*Id.*) In addition, some Installers enlisted helpers without the prior approval of CDMI, expressed preferences for the location of assignments, or refused certain tasks. (*Id.*) Next, CDMI had varying levels of control over meal and rest breaks; while the Complaint alleges the putative class members were denied these breaks, many Installers in fact received adequate meal and rest periods. (*Id.*) Lastly, Defendants argue that Plaintiffs will have to show on an individual basis whether DMI had any involvement with each class member or if the employment relationship was exclusively with CDMI. (*Id.* at 28.) Defendants also argue that individual issues predominate with respect to damages. Defendants argue that the calculation of missed meal and/or rest breaks, unpaid wages, overtime, and mileage reimbursement would require individualized assessments. (*Id.* at 28–29.)

Based on the record, the Court finds that common questions predominate in the inquiry as to whether the Installers were independent contractors. The central question to be resolved—whether Defendants had the right to control the Installers—will be determined based on evidence common to the class. All Installers hired in California were required to sign an Independent Contractor Agreement. Many other factors considered in the independent contractor analysis will also support a class wide determination based on common proof. For example, common proof also likely resolves whether the employer retains the right to discharge at will; the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; the skill required

in the particular occupation; whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; the length of time for which the services are to be performed; the method of payment, whether by the time or by the job; and whether or not the work is a part of the regular business of the principal. *See S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal.3d 341, 350–51 (1989). The Court agrees with Plaintiff that the different pay rates, hours worked , scheduling preferences, specific tasks performed, and travel time among the drivers have no bearing on class certification. These differences may go toward the computation of damages, but "[t]he mere fact that there are differences among members of a class regarding their individual amounts of damages does not preclude class certification." In re *New Motor Vehicles Can. Exp. Antitrust Litig.*, 522 F.3d 6, 23 (1st Cir. 2008); accord *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975) ("courts have generally declined to consider conflicts, particularly as they regard damages, sufficient to defeat class action status at the outset"). Although Defendants argue that these variations preclude a finding that common issues predominate over individual issues with respect to the amount of control CDMI exerted over the purported class members, Installers were uniformly classified and there is no evidence that Defendants' "right of control" varied amongst Installers. Accordingly, the Court finds that common issues will predominate as to the independent contractor analysis.

But whether Plaintiffs are employees is not the only issue in this case. The individual analyses for minimum wages, overtime, wage statements, and payment for all wages upon termination are minor and should be readily apparent from Defendants' records. Although calculating damages is generally an individualized task, the Court finds that calculating them here would not require so much individualized analysis to defeat certification. Further, Plaintiffs' unfair competition claim is wholly derivative of the other claims. Because the Court has found that some of those claims can be resolved on a class-wide basis—the overtime compensation claim, for example—the unfair business practices claim can also be so resolved. In addition, Plaintiff's business

expense reimbursement claim in the Complaint only addresses "work related mileage expenses for the gasoline needed to drive the truck Delta Mechanical required them to use." (Complaint 13, ECF No. 1.) Because there is only this single category of expense, which is common to the entire putative class, the Court sees the merits in class treatment. *See, e.g.*, *Stuart v. Radioshack Corp.*, 2009 WL 281941 (N.D.Cal. Feb.5, 2009) (certifying class of employees who were not reimbursed for driving their own cars to perform inter-company store transfers of merchandise).

However, at this point, the Court will not certify Plaintiff's state law claims for meal and rest period violations. District courts in California have denied certification to meal period/rest break claims where the defendant did not have a uniform policy on these matters. *Brown v. Federal Express Corp.*, 249 F.R.D 580, 581-82, 86–87 (C.D. Cal. 2008) (Interpreting California law to require defendant "only to make meal breaks and rest breaks available to Plaintiffs" (but not to force employees to take breaks), and recognizing the inherent variations across routes and conditions); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 642 (N.D. Cal. 2008) (Certification denied where Defendant had a proper meal break policy on paper, but plaintiff alleged that defendants actually made a practice of not providing meal breaks); *Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 467-68 (S.D. Cal. 2007) (Certification denied because individual issues predominated in claim for missed meal periods) 2014 WL 1379119 at *20–23; 2013 WL 210223 at *8. In this case, where there was no uniform policy governing meal or rest breaks, proof would depend on each Installer's testimony or other evidence, and Defendants argue that they have a right to litigate individual defenses. (Opp'n 29, ECF No. 37.) The Court agrees with Defendants that absent a uniform policy or practice, Plaintiff's meal and rest break claims will require individualized factual inquiries as to whether absent class members actually received the meal or rest breaks. Plaintiff fails to show what common proof is available to litigate these claims. Accordingly, the Court finds that common issues of law or fact do not predominate in Plaintiff's meal and rest break claims.

(b)   Superiority

The final requirement for class certification is "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3). "In determining superiority, courts must consider the four factors of Rule 23(b)(3)." *Zinser*, 253 F.3d at 1190. The Rule 23(b)(3) factors are:

> (A) [T]he class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). The superiority inquiry focuses "on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis." *Id.* (internal quotation marks omitted). A district court has "broad discretion" in determining whether class treatment is superior. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Plaintiff argues that there is no realistic alternative to a class action in this instance. (Mot. Certification 20, ECF No. 29-1.) Because there would be over 80 individual lawsuits, that method would be inefficient. (*Id.* at 21.) Because the case involves multiple claims for relatively small sums, Plaintiff argues that it would be uneconomical to litigate the claims individually. (*Id.*) Accordingly, for judicial economy and in light of the common issues, Plaintiff asks this Court to grant certification. (*Id.*) Defendants contend that the class action format would be unmanageable because of individualized inquiries regarding damages. (Opp'n 30, ECF No. 37.) Defendant contends that Plaintiffs would attempt a trial-by-formula to calculate damages. (*Id.*)

In light of the circumstances, the Court finds that a class action would be superior to other available methods for adjudicating this case. The Court has no

concerns with the manageability of this 85-person class and finds that proceeding as a class would promote judicial efficiency.

## C.    Conclusion

Accordingly, the Court **DENIES** class certification **WITHOUT PREJUDICE** for Plaintiff's meal and rest break claims.  Further, the Court (1) **GRANTS** Plaintiff's motion to certify the class action with respect to the remainder of Plaintiff's state law claims, (2) **APPOINTS** Daniel Gounev as class representative, and (3) **APPOINTS** Gregory N. Karasik of Karasik Law Firm and Alexander I. Dychter of Dychter Law Offices, APC as class counsel.

## 2.    Conditional Certification as Collective Action Under the FLSA

Plaintiff argues that conditional certification of his FLSA overtime claim is appropriate because he is similarly situated to other installers.  Plaintiff asks the Court to (1) conditionally certify the collective action, (2) provide notice of the action to Installers, (3) order Defendants to produce the names and last known addresses of all Installers, and (4) stall the statute of limitations period pending the notification process.

## A.    Legal Standard

The FLSA provides a right of action to an employee against his employer when the employer fails to pay overtime wages.  29 U.S.C. §§ 203, 207.  An employee may bring a collective FLSA action on behalf of other "similarly situated" employees.  29 U.S.C. § 216(b); *Does v. Adv. Textile Corp*, 214 F.3d 1058, 1064 (9th Cir. 2000).  To facilitate this process, a district court may authorize the named plaintiffs to send notice to all potential plaintiffs and set a deadline for those plaintiffs to join the suit.  *Adv. Textile Corp.*, 214 F.3d at 1064 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 172 (1989)).  Potential plaintiffs are required to opt-in to the suit by filing a consent in writing with the court.  29 U.S.C. § 216(b).

The district court has discretion in determining whether a collective action is appropriate: that is, whether plaintiff and the proposed collective action group are "similarly situated."  *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal.

2004). Section 216(b) does not define "similarly situated" and the Ninth Circuit has not defined the term in the FLSA context. *Id.* However, in making this determination, "[c]ourts generally follow one of two approaches: (1) evaluating the FLSA collective action in terms of Rule 23's class certification requirements; or (2) applying a two-step approach involving initial notice to prospective plaintiffs followed by a final evaluation [of] whether such plaintiffs are similarly situated." *Id.* (citing *Kane v. Gage Merchandising Servs., Inc.*, 138 F.Supp.2d 212, 214 (D. Mass. 2001)). The majority of courts follow the second approach. *Id.*; *Wynn v. Nat'l Broadcasting Co., Inc.*, 234 F.Supp.2d 1067, 1082 (C.D. Cal. 2002).

Under this two-tiered approach, the court must first decide whether the potential class should be given notice of the action. *Wynn*, 234 F.Supp.2d at 1082. Because the court generally has a limited amount of evidence at its disposal, the initial determination is made under a fairly lenient standard and typically results in conditional class certification. *Id.* Conditional certification is appropriate where "plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan, or decision." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007 (citing *Leuthold*, 224 F.R.D. at 468)). And, where workers have the same job duties and are categorically classified as independent contractors, courts have granted conditional certification of FLSA claims. *Harris v. Vector Mktg. Grp.*, 716 F.Supp.2d 835, 840–41 (N.D. Cal. 2010); *Labri v. U.P.S. Supply Chain Solutions*, 2009 WL 723599 at * 6 (N.D. Cal., March 18, 2009); *Flores v. Velocity Exp., Inc.*, 2013 WL 2468362 at * 7 (N.D. Cal., June 7, 2013) (citing cases).

Once discovery is largely complete, the party opposing class certification may move to decertify the class. *Id.* At this point, the court must make a factual determination regarding the propriety and scope of the class and weigh various factors, including: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant individual to each plaintiff; and (3) fairness and procedural considerations. *See Id.*; *Leuthold*, 224 F.R.D. at 467. When

discovery has been completed with respect to the issues of certification and the factual record is complete, a court may skip the first step and instead weigh relevant factors to decide if the plaintiff and the proposed class are similarly situated. *See Leuthold*, 224 F.R.D. at 468; *Pfohl v. Farmers Ins. Grp.*, 2004 WL 554834 at * 3 (C.D. Cal., March 1, 2004).

### B. Analysis

Plaintiff seeks to conditionally certify as a collective action the following class:

> Installers Class: All persons who, at any time since November 25, 2011,[1] worked for DMI anywhere in the United States as a residential plumbing installer who would travel to the residence of a customer to deliver and/or install a plumbing fixture, and were treated as an independent contractor.

(Not. Mot. Certification 2, ECF No. 29.) As an initial matter, the Court adopts the two-step approach used by a majority of California courts. As the Parties discussed at the motion hearing, there is still a substantial amount of discovery that needs to take place.

Plaintiff argues Gounev and other Installers are similarly situated. (Mot. Certification 12, ECF No. 29-1.) For example, Plaintiff states: all Installers had the same job duties, were compensated according to a uniform pay structure, received job assignments via DMI's scheduling system, and were required to sign the same "Independent Contractor" agreement with DMI when they were hired. (*Id.*) Accordingly, Plaintiff argues that Installers should be given a notice of their rights to opt-in to the collective action. (*Id.* at 13.)

Defendants ask the Court to deny Plaintiff's motion for conditional collective certification for two reasons. (Opp'n 30, ECF No. 37.) First, Defendants argue that Plaintiff's FLSA claims for overtime wages are redundant and unnecessary. (*Id.*)

---

[1]The Parties disagree as to this date, which will need to be amended in light of the Court's decision on equitable tolling.

Because the California Labor Code provides a remedy for the alleged violations and provides greater protections than the FLSA, Defendants argue that California law should control. (*Id.* citing *Aguilar v. Assoc. for Retarded Citizens*, 234 Cal. App. 3d 21, 34 (Cal. Ct. App. 1991); *Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1162 (E.D. Cal. 2011); 29 U.S.C. section 218(a).) This argument is not persuasive because of the differences between the class definitions. In his FLSA motion, Plaintiff seeks certification of a national class, while in the Rule 23 motion, Plaintiff seeks certification of a California class. These are alternative theories of liability. Second, Defendants contend that the putative class's FLSA overtime claim is not amenable to class treatment for the same reasons as discussed in its Rule 23 briefing. (*Id.*) Accordingly, Defendants argue that Plaintiff is not "similarly situated" to the other putative class members. (*Id.*)

The Court finds Plaintiff's arguments to be compelling. The differences between purported class members do not have any effect on whether they were misclassified and accordingly not paid overtime to which they were entitled. And, as previously discussed, Plaintiff satisfies all requirements of Rule 23. Accordingly, the Court **GRANTS** Plaintiff's motion for conditional collective certification.

Plaintiff has proposed a "Notice of Collective Action Lawsuit" form that explains the purpose of the notice, the nature of the litigation, how to participate, the consequences of participating or not participating, and how to get additional information. (Exhibit A 5–8, ECF No. 29.) Plaintiff argues that the proposed Notice is fair and reasonable, and asks the Court to approve it. (Mot. Certification 14, ECF No. 29-1.) Plaintiff also asks the Court to approve the Consent to Sue form that can be signed by potential plaintiffs and returned to Plaintiff's counsel. (Exhibit B 9–10, ECF No. 29.) Defendants object to certain portions of the Notice of Collective Action Lawsuit form and the Consent to Sue form. (Obj., ECF No. 37-1.) As discussed at the hearing, the Court finds these objections to be reasonable. Accordingly, as discussed at the hearing, the Parties **SHALL CONFER** and submit a joint proposed Notice of

Collective Action Lawsuit form as well as a Consent to Sue form <u>within ten days from the date this Order is electronically docketed</u>.

Plaintiff also asks the Court to stall the statute of limitations period pending the notification process. (Mot. Certification 14–15, ECF No. 29-1.) Defendants argue that additional tolling is inappropriate because Plaintiff has intentionally delayed prosecuting this case and because Defendants already agreed to 163 days of tolling. (Opp'n 32, ECF No. 37.) Defendants note that Plaintiff's proposed liability period is incorrect because the statutory period begins when a class member files a written consent, not on the hearing date for the motion for certification. (*Id.* citing 29 U.S.C. §§ 216(b), 256.) While Defendants are correct in that an action commences for unnamed plaintiffs when the consent to sue form is filed, the Court **GRANTS** Plaintiff's request for equitable tolling <u>from the date this Order is electronically docketed through the notice period</u>.

## C. *Conclusion*

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for conditional collective certification. Defendants are hereby **ORDERED** to provide Plaintiff with the names and last known addresses of all Installers **within 30 days from the date that this Order is electronically docketed**. Further, the Parties **SHALL CONFER** and submit a joint proposed "Notice of Collective Action Lawsuit" form as well as a "Consent to Sue" form, for the Court's review, **within 10 days from the date that this Order is electronically docketed**. Lastly, the Court **GRANTS** Plaintiff's request for equitable tolling **from the date that this Order is electronically docketed through the notice period**. The Parties shall calculate the liability period accordingly and include it in the Notice.

///

///

///

///

**CONCLUSION**

1. For the reasons stated above, the Court **DENIES** class certification **WITHOUT PREJUDICE** for Plaintiff's meal and rest break claims. Further, the Court **GRANTS** Plaintiff's motion to certify the class action with respect to the remainder of Plaintiff's state law claims under Federal Rule of Procedure 23.

    **A.** The Court hereby **APPOINTS** Daniel Gounev as class representative.

    **B.** The Court hereby **APPOINTS** Gregory N. Karasik of the Karasik Law Firm, and Alexander I. Dychter of the Dychter Law Offices, APC as class counsel.

2. For the reasons stated above, the Court **GRANTS** Plaintiff's motion for conditional collective certification pursuant to the FLSA.

    **A.** Defendants are hereby **ORDERED** to provide Plaintiff with the names and last known addresses of all Installers **within 30 days from the date that this Order is electronically docketed**.

    **B.** The Parties **SHALL CONFER** and submit a joint proposed "Notice of Collective Action Lawsuit" form as well as a "Consent to Sue" form, for the Court's approval, **within 10 days from the date that this Order is electronically docketed**.

    **C.** The Court **GRANTS** Plaintiff's request for equitable tolling **from the date that this Order is electronically docketed through the notice period**. The Parties shall calculate the liability period accordingly and include it in the Notice.

    **IT IS SO ORDERED.**

DATED: July 24, 2015

                         *Janis L. Sammartino*
                         Honorable Janis L. Sammartino
                         United States District Judge